# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Douglas Longhini, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br><br> Koval Lane Hospitality, *et al.*, <br><br> Defendants. | No.: 2:25-cv-01067-MDC <br><br> **ORDER GRANTING MOTION TO AMEND (ECF NO. 20)** |

Pending before the Court is plaintiffs' *Unopposed Motion to Amend* ("Motion") (ECF No. 20). For good cause shown and because it is unopposed, the Court GRANTS the Motion.

## DISCUSSION

### I. PROCEDURAL BACKGROUND

This is a case arising out of alleged violations of the Americans with Disabilities Act ("ADA"). *ECF No. 1*. Plaintiffs move to amend their complaint to substitute Fame Operating Company, Inc. in place of defendants Koval Lane Hospitality, LLC and Ellis Island Casino Interactive, LLC. *See ECF No. 20* at 2. The Court denied without prejudice plaintiffs' previous *Motion to Amend* (ECF No. 12) and struck their proposed Second Amended Complaint ("SAC") (ECF No. 18). *ECF No. 19*. By their current Motion, Plaintiffs state that proposed new defendant Fame Operating Company, Inc. is the entity that controls the property at issue and is the proper defendant. Plaintiffs represent that they have conferred with counsel for Fame Operating Company, Inc. about their Motion, who consents to the Motion. Currently named defendants Koval Lane Hospitality, LLC and Ellis Island Casino Interactive, LLC have not appeared.

//

//

## II. LEGAL STANDARD

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## III. ANALYSIS

Plaintiffs seeks leave of Court to file their SAC. *ECF No. 20.* Currently named defendants Koval Lane Hospitality, LLC and Ellis Island Casino Interactive, LLC have not appeared and proposed substitute defendant, Fame Operating Company, Inc., consents to the Motion. The Court also finds good

cause exists to grant plaintiffs' leave to amend. There is no apparent bad faith or undue delay in the Motion. The amendments do not appear to prejudice the defendants. The amendments do not appear to be futile. This would be the first time that plaintiffs would have leave of the Court to amend their complaint. Thus, good cause exists to grant plaintiffs' leave to amend.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Unopposed Motion to Amend* (ECF No. 20) is **GRANTED**.
2. Plaintiffs shall file the proposed amended complaint by no later than **October 13, 2025**.

DATED: October 6, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiffs must immediately file

written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.